# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Syncere Rivera a/k/a Kenneth Rivera, ) ) ) | |
| Plaintiff, ) ) | Case No. 8:12-cv-02469-JMC |
| v. ) ) | **OPINION AND ORDER** |
| Agency Director William R. Byars, Jr.; ) Warden Robert Stevenson, III; Eugene ) Keitt, BRCI Mailroom Personnel; Susan H. ) Fry, BRCI Mailroom Personnel; James ) Harris, BRCI Mailroom Personnel; SCDC ) Postal Director Maria Leggins; and Rodney ) Cox, BRCI Mailroom Designee, ) ) ) | |
| Defendants. ) ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 86], filed on May 30, 2013, recommending that Plaintiff's Motion for Temporary Restraining Order [Dkt. No. 21] be found moot and that Defendant's Motion for Summary Judgment [Dkt. No. 56] be granted. The Report sets forth in detail the procedural history and the legal standards applicable to this matter, which the court incorporates herein.

## FACTUAL BACKGROUND

Plaintiff Kenneth Rivera ("Plaintiff"), proceeding *pro se*, alleged violations of 42 U.S.C. § 1983 by personnel ("Defendants") of the Broad River Correctional Institute ("BRCI"). [Dkt. No. 1.] He was incarcerated at BRCI at the time of the alleged incidents, but has since been released. [*See* Dkt. No. 91 at 1.] Plaintiff contends that his constitutional rights were violated when Defendants denied him access to certain publications that he had received previously,

1

specifically a periodical from "Rising Sun Press," a periodical from "Anthropological Prison Outreach Library," and an underground publication known as "South Chicago Abc Zine Distro." [Dkt. No. 86 at 2-3; Dkt. No. 1 at 3-4, 7-9.]  Plaintiff also contends that Defendants did not allow him to send out personal mail [Dkt. No. 86 at 3; Dkt. No. 1 at 3-4, 7-9], delivered his mail late (three to five days after it had been received at the BRCI mailroom) [Dkt. No. 21], violated state grievance procedures [Dkt. No. 86 at 3-4 n.3], and opened his legal mail outside his presence [*Id.* at 3 n.3].

## STANDARD OF REVIEW

The Report is made in accordance with 28 U.S.C § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

"In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* FED. R. CIV. P. 72 advisory committee's note).  Furthermore, failure to timely file specific written objections to the Report results in a party's waiver of his right to appeal the judgment of the District Court based on such a recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Adams v. South Carolina*, 244 F. App'x 534,

2

535 (4th Cir. 2007); *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Plaintiff timely filed objections to the Report. [Dkt. No. 91.] Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the district judge accepts the recommendation. *See Schronce*, 727 F.2d at 94, n.4. In the absence of specific objections to the Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

## DISCUSSION

Having reviewed the Report, the record, and Plaintiff's objections, the court finds that the objections are non-specific, unrelated to the dispositive portions of the Report, and merely restate his claims. Plaintiff restates from his Response to the Motion for Summary Judgment [Dkt. No 79] that (1) Defendants denied him access to certain publications, (2) Defendants withheld or delayed delivery of his legal mail, and (3) Defendants opened his legal mail outside of his presence [Dkt. No. 91 at 1.] However, the court finds that Plaintiff's first and second objections are still pertinent to discuss.

Plaintiff's first objection concerns the Magistrate Judge's finding that Plaintiff does not have a valid First Amendment claim. Plaintiff alleges that he was denied access to certain publications. [Dkt. No. 91 at 1.] Attached to Plaintiff's objections are copies of the completed SCDC Form 10-6, which serves to provide inmates with notice that their incoming or outgoing mail (i.e., incoming publications) has been withheld and/or disapproved by the Correspondence Review Committee ("CRC"). *See* Exhibit V and Z, Notice to Withhold [Dkt. No. 91-2]. The copies that Plaintiff provides demonstrate that his incoming publications were reviewed and

3

denied by the CRC due to his status as an inmate within the Special Management Unit ("SMU") and in accordance with SCDC Policy PS-10.8 § 9.1. However, Plaintiff failed to prove (1) that SCDC Policy PS-10.8 § 9.1, which denies publications to inmates housed within SMU, fails to meet some penological interest or (2) that no alternative avenues remain open for him to exercise his First Amendment rights. [*See* Dkt. No. 86 at 12]; *Overton v. Bazetta*, 539 U.S. 126, 132 (2003) (holding that the burden of proof is not Defendants to prove the validity of a prison regulation, the burden is on Plaintiff to disprove it); *Turner v. Safley*, 482 US 78, 89-90 (1987) (determined that the standard used to review prison regulations is whether the regulation rationally relates to legitimate penological interests and whether there are no alternative means of exercising the right that remain open to prison inmates).

Plaintiff's second objection concerns the late delivery of his legal mail. [*See* Dkt. No. 91 at 1.] With his objections, Plaintiff provides photocopies of envelopes labeled as legal mail, which he alleges were personally received days after the mail was received by the BRCI mailroom. *See* Exhibit O [Dkt. No. 91-3.] The envelopes are clock-stamped to indicate the date the mail was received by the BRCI mailroom. The envelopes are also marked with handwritten notes, presumably Plaintiff's, to indicate when the mail was delivered to him.[1] Plaintiff alleges that delayed delivery of mail is a violation of SCDC's Policy, yet SCDC policy does not mandate any deadline by which mail must be delivered. [Dkt. No. 86 at 11; Dkt. No. 56-1 at 2 ¶ 8]. Rather, SCDC Policy PS-10.08 § 5.1 states that it is "SCDC's goal to distribute letters to inmates within 24 hours of receipt . . . (excluding weekends and holidays)." [Dkt. No. 56-1 at 4 § 5.1]. Given that mail may be delayed due to weekends and holidays, the court finds that the three to five day delay that Plaintiff alleges is reasonable. Moreover, Plaintiff has failed to demonstrate that SCDC Policy PS-10.08 § 5.1 is not reasonably related to some penological interest and has

---

[1] This court finds that these documents are not properly authenticated.

4

failed to allege any damages resulting from the delay in the delivery of his mail. [Dkt. No. 86 at 12].

Furthermore, the Magistrate Judge found Plaintiff's Motion for Temporary Restraining Order is moot because Plaintiff is no longer incarcerated at BRCI [*see* Dkt. No. 86 at 9; *see also* Dkt. No. 91 at 1]; thus, the motion is no longer relevant.

## CONCLUSION

Thus, after a thorough review of the Report and the record in this case, the court adopts the Report [Dkt. No. 86] and incorporates it herein. It is therefore **ORDERED** that Defendant's Motion for Summary Judgment [Dkt. No. 56] is **GRANTED**, and Plaintiff's Motion for Temporary Restraining Order [Dkt. No. 21] is **MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 23, 2013
Greenville, South Carolina

5